IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HECTOR DIAZ,

    Petitioner,

v.

BEN CURRY, Warden

    Respondent.

No. C 06-05686 CRB

**ORDER**

    Petitioner, who is in the custody of the California Department of Corrections, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty to a charge of murder in the Superior Court of San Mateo County. Accordingly, venue is proper. See Local Rule 2254-3.

    This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

    A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably

incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

The Court has reviewed the petition and finds good cause to proceed. Accordingly,

1.  The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon the respondents and the respondents' counsel, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the petitioner's counsel.

2.  Respondents shall file with this Court and serve upon the petitioner, within sixty (60) days of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the state trial and appellate record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.  If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it upon the respondents within thirty (30) days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: September 26, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\5686\OSC.wpd            2